IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VINCENT P. BARELA,<br><br>                      Plaintiff,<br><br>v.<br><br>GABBIE EHRLER,<br><br>                      Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-00359-RJS-EJF<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This Report and Recommendation concerns Mr. Barela's Complaint, (ECF No. 3). Mr. Barela, a *pro se* plaintiff, proceeds *in forma pauperis* ("IFP"). (Order, ECF No. 2.) Having carefully reviewed the Complaint, the undersigned[1] RECOMMENDS the Court DISMISS Mr. Barela's Complaint for failure to state a claim upon which it can grant relief, pursuant to 28 U.S.C. § 1915.

## BACKGROUND

Mr. Barela filed his Complaint on May 14, 2015. (Compl. 1, ECF No. 3.) The Complaint names Gabbie Ehrler of Callaway Apartments Leasing as Defendant. (*Id.*) Mr. Barela's brief Complaint alleges damages of $9,000 due to extortion/fraud. (*Id.*) The Court mailed Mr. Barela Notice of a Status Conference in his case on June 10, 2016. (ECF No.7, NEF.) The Court sent the Notice to the address Mr. Barela provided. The Notice indicated the Court would hold the hearing on June 27, 2016 at 2 p.m. and provided the location. (*Id.*) The Court held the hearing on June 27, 2016 to give Mr. Barela an opportunity to explain why the Court has subject matter jurisdiction. Mr. Barela failed to attend the hearing. (ECF No. 8.)

---

[1] On August 11, 2015, District Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

Nothing on the docket suggests the Postal Service returned the Notice, leading the Court to believe Mr. Barela received it.

## STANDARD FOR PRO SE FILINGS

A court must construe a *pro se* plaintiff's filings liberally, *e.g., Casanova v. Ulibarri,* 595 F.3d 1120,1125 (10th Cir. 2010), but the court cannot act as the litigant's advocate and make legally cognizable arguments for him, *see, e.g., Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Although a court holds *pro se* pleadings "to a less stringent standard than formal pleadings drafted by lawyers," a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett,* 425 F.3d at 840 (quoting *Hall v. Bellmon,* 935 F.2d 1106, 110 (10th Cir. 1991) & *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)).

## ANALYSIS

28 U.S.C. § 1915(e)(2)(B)(ii) gives the Court grounds to dismiss an IFP Complaint, including failure to state a claim upon which the Court can grant relief. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974); *see also Buck v. United States,* No. 2:11-CV-1081-CW-SA, 2011 WL 7430012, at *2 (D. Utah Dec. 5, 2011) (quoting same and applying principle in an IFP case), *adopted by* 2012 WL 639916 (Feb. 27, 2012). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. v. Union Gas Sys. Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991); *see also Prigge v. Woods Cross Police Dept.,* No. 1:14-CV-00087-DB-

PMW, 2015 WL 2451776, at *1 (D. Utah Feb. 27, 2015) (quoting same and applying principle in an IFP case), *adopted by* 2015 WL 2451776 (May 21, 2015).

The Court concludes that Mr. Barela fails to invoke subject matter jurisdiction. Even when liberally construing Mr. Barela's Complaint, the Court finds no allegations that would give the Court subject matter jurisdiction – either federal question or diversity. When the court authorizes a party to proceed IFP under 28 U.S.C. § 1915, it must "dismiss the case at any time if the court determines that…the action…fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court could not grant relief in this case because it lacks subject matter jurisdiction.

## **RECOMMENDATION**

The undersigned RECOMMENDS that the District Court DISMISS Mr. Barela's Complaint without prejudice because Mr. Barela fails to demonstrate any basis for the Court's jurisdiction and therefore fails to state a claim upon which the Court can grant relief.

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the District Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 29th of June, 2016.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge